UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:10-00099 |
|  | ) | JUDGE HAYNES |
| TRAVIS R. HOGG, | ) | |
| Defendant. | ) | |

# MEMORANDUM

The United States of America filed a criminal action against the Defendant, Travis R. Hogg, charging him with possession with intent to distribute 50 grams or more of crack cocaine under 21 U.S.C. § 841(a)(1) (Count One) and possession with intent to distribute a quantity of cocaine under 21 U.S.C. § 841(a)(1) (Count Two). On March 21, 2011, the Court held a plea hearing and by agreement of the parties under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Defendant pled guilty to the lesser included offense of possession with intent to distribute 5 grams or more of cocaine base under 21 U.S.C. § 841(a)(1). After consideration, the Court approved Defendant's plea of guilty and the plea agreement. (Docket Entry No. 21). The Court apprised Defendant that a presentence report would be prepared and the parties would have an opportunity to object to it and that if the Court imposed the agreed upon sentence Defendant would not have the right to withdraw his guilty plea. (Docket Entry No. 33, at 17-18, 30).

Before the Court is Defendant's motion to withdraw his plea of guilty (Docket Entry No. 23), contending, in sum, that newly discovered evidence undermines the credibility of Detective John

Edwards, a key witness. In response (Docket Entry No. 35), the Government contends: (1) that the factors determining whether a defendant has set forth a "fair and just reason" for the withdrawal of a plea favor the Government; (2) that recent criminal charges against Edwards constitute impeachment evidence, not "newly discovered evidence;" (3) that Defendant does not assert his actual innocence; and (4) that Defendant did not dispute the factual basis of his plea agreement at his plea hearing. On June 10, 2011, the Court conducted a hearing on Defendant's motion and took the matter under advisement.

## A. ANALYSIS OF THE MOTION

In their Rule 11(c)(1)(C)[1] plea agreement, the parties agreed that Defendant could plead to the lesser included offense in Count One, possession with intent to distribute 5 grams or more of cocaine base under 21 U.S.C. § 841(a)(1), and the United States would dismiss Count Two upon sentencing. (Docket Entry No. 35, Exhibit 1 at 7). The parties agreed that Defendant had three prior felony drug convictions that qualified as either a crime of violence or a controlled substance offense and anticipated that Defendant would be a Career Offender under Section 4B1.1 of the United States Sentencing Guidelines and had a Criminal History Category VI under Section 4B1.1(b). Id. at 13. The parties also agreed to a sentence of 188 months imprisonment that is the bottom of the applicable Guidelines range for Defendant if he were found to be a Career Offender. Id. at 13-14.

---

[1]Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure provides, in relevant part:

If the defendant pleads guilty . . . to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:

(C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

2

According to the Government, if the Defendant pled guilty to possession of 50 grams or more of crack cocaine, as originally charged in Count One, the bottom of his applicable Guidelines range (after acceptance of responsibility) would have been 262 months, pursuant to U.S.S.G. Section 4B1.1. (Docket Entry No. 35 at 3).

As to the factual basis for the plea agreement, Defendant agreed to the following facts:

8. Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and agrees that those facts establish his guilt beyond a reasonable doubt:

a. On or about September 2, 2009, in the Middle District of Tennessee, the defendant did unlawfully, knowingly, and intentionally possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, that is, crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

b. On September 2, 2009, Deputy Steve Gatlin of the Wilson County Sheriff's Department (hereinafter "WCSD") went to 2404a Phillips Road, Lebanon, Tennessee, in the Middle District of Tennessee, to execute an arrest warrant on an unrelated charge on the defendant. In June and July 2009, the defendant had filed vandalism to vehicle reports with the WCSD and listed his address as 2404a Phillips when he filed those reports.

c. After knocking on the front door, Deputy Gatlin went to the back door and encountered the defendant as he was coming out the back door. Deputy Gatlin smelled a strong odor of marijuana coming from the back door and on the defendant's person. The defendant was arrested on the outstanding warrant. Shortly thereafter, a WCSO detective arrived and read the defendant his Miranda rights. The defendant stated that he had just smoked a marijuana joint before Deputy Gatlin knocked on his door and that he ate his remaining marijuana before leaving the residence.

d. Shortly thereafter, two witnesses who had stayed in the defendant's residence advised the detective that they had recently seen the defendant possess, distribute, grow, and use controlled substances in his residence. Based upon the information gathered in the investigation, the WCSO detective applied for a state search warrant. The state search warrant was issued at 7:20 p.m. on September 2, 2009.

e. When officers executed the search warrant, they found mail in the residence addressed to the defendant. They also found digital scales, a 9mm and a .45 caliber handguns, a 12 gauge shotgun, and a variety of controlled substances. A fingerprint matching that of the defendant's fingerprints was found on the shotgun.

f. The controlled substances seized during the search were tested by the Tennessee Bureau of Investigation's laboratory. Based upon the testing by the laboratory, the substances found inside the residence were as follows: approximately 167 grams of powder cocaine, 55.2 grams of cocaine base, liquid morphine (in an amount undetermined by lab), and 2.2 grams of marijuana.

g. Defendant also acknowledges that for the purpose of determining the applicable advisory sentencing range under the United States Sentencing Guidelines (hereinafter "U.S.S.G."), the following conduct, to which he stipulates, constitutes relevant conduct under U.S.S.G. §1B1.3: the total amount of cocaine base for which he is responsible is between at least 50 grams but less than 150 grams.

(Docket Entry No. 35, Exhibit 1 at 9-10).

Defendant acknowledged that in submitting his plea agreement he consulted with his attorney; understood his rights as to the indictment and the provisions of the applicable Sentencing Guidelines; and agreed his plea was knowing and voluntary. Id. at 18. Similarly, Defendant's counsel agreed that he explained to Defendant all of Defendant's rights, that he reviewed carefully every part of the plea agreement with Defendant and that to his knowledge Defendant's decision to enter into the plea agreement was an informed and voluntary one. Id.

At the plea hearing, the Court asked Defendant if the Government's recitation of the statement of facts was correct as to his conduct, to which Defendant responded "yes." Id., Exhibit 4 at 26-29. Defendant also stated that he understood his plea agreement, that no one had forced him to plead guilty, that he knew what he was doing, and that he understood the Court. Id. at 26. The Court concluded that Defendant knowingly, intelligently, and voluntarily entered his guilty plea. Id. at 30.

Shortly after the Court's acceptance of Defendant's guilty plea and approval of the plea agreement, Detective Edwards, the affiant for the state search warrant of Defendant's residence, was charged in state court with theft of over $10,000. After learning of the charges against Edwards, Defendant filed his motion to withdraw his plea of guilty, challenging Edwards's credibility.[2] Specifically, Defendant challenges the statements attributed to Melinda Thompson and Brenda Desimone in Edwards's search warrant application, as well as Edwards's credibility as the individual who discovered the crack cocaine in Defendant's the master bedroom.

In his application, Edwards stated, in relevant part:

> I contacted Melinda Thompson the victim of the domestic assault warrant filed against Travis Hogg. Ms. Thompson advised that she had seen marijuana growing in pots in the closet of Mr. Hoggs residence located at 2404a Phillips Road, Lebanon Tn. Ms. Thompson also advised that on Friday August 28, 2009 she observed Mr. Hogg selling marijuana and cocaine to several different people. Ms. Thompson advised that Mr. Hogg had several firearms in the residence to include an assault rifle. A criminal history was run on Travis Hogg, which did confirm that Travis Hogg is a convicted felon who is currently on Parole. The warrant Ms. Thompson took but advised the assault took place at Mr. Hoggs residence which is 2404a Phillips Road, Lebanon Tn. Ms. Thompson advised she started dating 23May09 and stated the entire time she dated him he resided at 2404a Phillips Road, Lebanon Tn.
>
> On 02Sep09 Ms. Brenda Desimone came to the Wilson County Sheriff's Department asking if she could get some of her clothes from 2404a Phillips Road being the home of Travis Hogg. Ms. Desimone advised that she and Mr. Hogg had been in a relationship for the past two and a half years. Ms. Desimone advised that she recently got back with Mr. Hogg and that the[y] had been broken up for approx two months. Ms. Desimone advised she did not like being at his residence because of all the traffic of people in and out. Ms. Desimone advised she did know Travis Hogg sells narcotics. Ms. Desimone advised there is a room in the residence in the duplex (2404a Phillips Road, Lebanon Tn) that Mr. Hogg will not let anyone in. Ms.

---

[2]After Defendant filed his motion, the Government filed a criminal action against Edwards for tampering with a witness or informant under 18 U.S.C. § 1512(c)(2). See United States v. Syed, et al., Case No. 3:11-00083-17 (M.D. Tenn.) (Docket Entry No. 1). That charge is unrelated to the state theft charge.

> Desimone was asked if there are any strange odors inside the residence and she advised that there is a strong smell of marijuana. Ms. Desimone advised she stayed in the residence Last night being the night of 01Sep09 and did not leave until 11:45 am on 02Sep09. Ms Desimone advised she has known Mr. Hogg to reside at the 2404a Phillips Road address for over a year.

(Docket Entry No. 23, Exhibit A at 2-3).

Defendant asserts that he was reluctant to plead guilty because: (1) he believed that Edwards embellished his search warrant application; (2) Thompson and Desimone were prepared to state under oath that they did not tell Edwards the statements attributed to them; and (3) contrary to pretrial discovery, Defendant did not confess to Edwards on the day of his arrest that he sold cocaine at his residence. As to the latter, Defendant asserts that there is not a recording or written report memorializing his alleged confession. In sum, Defendant asserts that if he had known about Edwards's alleged criminal conduct, tarnishing Edwards's credibility, Defendant would have maintained his right to trial.

## B. CONCLUSIONS OF LAW

A defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if--the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). After the defendant has sworn in open court that he actually committed the crime and is pleading guilty because he is guilty; and after the court has found a factual basis for the plea and has explicitly announced that it accepts the plea, the defendant cannot withdraw his guilty plea "simply on a lark." United States v. Hyde, 520 U.S. 670, 676 (1997). The Supreme Court explained that "[w]ere withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact,

however, a guilty plea is no such trifle, but a grave and solemn act, which is accepted only with care and discernment." Id. at 677 (citations and internal quotation marks omitted). The aim of Rule 11's fair-and-just-reason requirement "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir. 1991) (citation omitted).

The defendant "has the burden of establishing that his presentence motion to withdraw his plea should be granted." United States, 828 F.2d 1195, 1197 (6th Cir. 1987). In this circuit, to determine if a defendant has shown a fair and just reason for withdrawing his plea, the following non-exclusive list of factors are considered:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

United States v. Haygood, 549 F.3d 1049, 1052 (6th Cir. 2008). No one factor is controlling. Id. "The relevance of each factor will vary according to the 'circumstances surrounding the original entrance of the plea as well as the motion to withdraw.'" Id. (quoting United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987)).

The first two factors, relating to the timing of the filing of the motion, favor Defendant. Defendant filed his motion to withdraw shortly after learning about the charges against Edwards that were filed after Defendant's plea hearing. The third factor, whether the defendant has asserted or maintained his innocence, favors the Government. Defendant did not assert his innocence at his plea

7

hearing nor does he do so in his motion. Defendant instead argues that because Edwards's credibility has been tarnished by the charges against him, the Government lacks a strong enough case to convict Defendant and that the search of Defendant's residence was unjustified. Defendant, however, agreed to the factual basis for his plea in his plea agreement. Those facts established his guilt beyond a reasonable doubt. Specifically, Defendant agreed that he did unlawfully, knowingly, and intentionally possessed with intent to distribute 50 grams or more of crack cocaine; that he filed vandalism reports listing his address as 2404a Phillips Road, Lebanon, Tennessee; that Deputy Gatlin smelled a strong odor of marijuana coming from the back door and on the defendant's person; that he had smoked marijuana and ate the remaining marijuana before leaving the residence; and that two witnesses who had stayed in the defendant's residence advised the detective that they had recently seen the defendant possess, distribute, grow, and use controlled substances in his residence. Significantly, Defendant accepted as to the factual basis for the plea agreement the truth of the statements attributed to Thompson and Desimone after his counsel's investigation of the charges.

Additionally, if Defendant believed the search was unjustified, he could have filed a motion to suppress rather than negotiate and agree to a Rule 11(c)(1)(C) plea agreement. Defendant's desire now to change his plea and file a motion to suppress constitutes a tactical decision that is not grounds for granting a withdrawal of plea. See Hyde, 520 U.S. at 677; Alexander, 948 F.2d at 1004. In United States v. Hughes, 392 Fed.Appx. 382 (6th Cir. 2010), the Sixth Circuit stated:

> Although defendant asserted . . . that he was innocent, the focus of defense counsel's investigation, the grounds of the actual motion, and the arguments presented on appeal all were on an opportunity to pursue a suppression motion in the hope of having the charges dismissed. We have not found that a defendant's post-plea expression of the desire to pursue a motion to suppress will itself establish a fair and just reason for withdrawal.

Id. at 386 (citing Haygood, 549 F.3d at 1053 (citing United States v. Sanders, 125 Fed.Appx. 685, 687 (6th Cir.2005)).

The fourth factor, the circumstances underlying the entry of the guilty plea, also favors the Government. Here, Defendant did not hastily enter into a plea nor does he assert that his attorney gave him bad advice to accept a quick plea deal. Defendant's decision to enter his guilty plea resulted from months of negotiations between the parties where Defendant pled to the lesser included offense in Count One to possession with intent to distribute 5 grams or more of crack cocaine and the Government agreed to dismiss the second count after sentencing. The parties also agreed to recommend a sentence of 188 months imprisonment that would be the bottom of the applicable Guidelines range. The Government asserts that had Defendant pleaded guilty to the charge of possession of 50 grams or more of crack cocaine, as charged in Count One, the bottom of his applicable Guidelines range would have been 262 months. Further, by entering the plea, Defendant avoided the Government's seeking to indict him on additional charges. At the plea hearing, Defendant acknowledged that he understood his plea agreement and that he was waiving his right to appeal, that no one had forced him to plead guilty, that he knew what he was doing, and that he understood the Court.

The fifth and six factors--the defendant's nature and background and the degree to which the defendant has had prior experience with the criminal justice system--favor the Government. Defendant did not address his nature and background and did not raise any issues as to his background or inability to understand what he was doing when he entered his plea at the plea hearing. As to Defendant's experience with the criminal justice system, Defendant is a Criminal History Category VI and familiar with the criminal justice system. Defendant was previously

convicted of three felony drug charges and entered a guilty plea on three prior occasions to a lesser felony drug offense than the one originally charged. Thus, Defendant previously employed the tactical decision to enter a guilty plea to a lesser charge rather than proceed to trial.

As to the final factor, potential prejudice to the government if the motion to withdraw is granted, "'the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal.'" United States v. Goddard, 638 F.3d 490, 495 (6th Cir. 2011) (citing United States v. Spencer, 836 F.2d 236, 240 (6th Cir.1987)). In any event, the Government admitted at the hearing on Defendant's motion to withdraw that it would not suffer much prejudice. Yet, this factor is immaterial, as on balance, the factors militate against granting Defendant's motion to withdraw plea because Defendant has not established a fair and just reason for the Court to allow the withdrawal.

Defendant, however, argues that finding newly discovered evidence after a plea can be a fair and just reason for withdrawing one's plea, citing United States v. Garcia, 401 F.3d 1008 (9th Cir. 2005). In Garcia, the defendant did not concede his guilt, but entered into a plea agreement only for the purpose of limiting his sentencing exposure. Id. at 1010. The defendant later filed a motion to withdraw his plea based upon newly discovered evidence that was the discovery of the identity of a witness who was unknown to the defendant before he entered his guilty plea. Id. The affidavit for the search warrant stated that a woman, only identified as "Crystal," had been living at the residence that was searched. Id. "Crystal's" surname was unknown to the defendant prior to entering his plea. Id. n.2. The defendant evidently learned Crystal's last name after entry of his plea and contacted her. Id. at 1010. Crystal provided an affidavit stating that the defendant did not live at the house

searched, she believed the firearms the defendant was charged with possessing belonged to someone else and that she had never seen the defendant with them. Id.

The Garcia Court explained that "the generous 'fair and just reason' standard does not require that the defendant show that the new evidence exonerates him or that there is a reasonable probability he would not have been convicted had the case gone to trial." Id. at 1011. Rather, "[i]t is sufficient that this [newly discovered] evidence was relevant evidence in [the defendant's] favor that could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty had he known about the evidence prior to pleading." Id. at 1011-12.

Garcia is factually distinguishable from this action as the Defendant does not assert his actual innocence and Thompson and Desimone were fully identified in Edwards's search warrant affidavit and were known to Defendant. According to Defendant, he knew before entry of his plea that these two witnesses were prepared to state under oath that Edwards had misrepresented their statements in the affidavit. Unlike the defendant's post-plea discovery of "Chrystal's" identity in Garcia, Defendant here possessed the evidence of Thompson's and Desimone's alleged denials before his plea. Thus, the women's claims that they did not make those statements do not constitute newly discovered evidence.

In the context of granting a motion for a new trial based upon newly discovered evidence, a defendant must establish that "'(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal.'" United States v. Carson, 560 F.3d 566, 585 (6th Cir. 2009) (quoting United States v. Seago, 930 F.2d 482, 488 (6th Cir. 1991)). Here, it is undisputed that the Government did not know of any alleged

11

misconduct by Edwards, and the evidence of Edwards's charges is "merely impeaching" because those charges do not relate directly to Defendant's factual guilt or innocence.

Defendant further argues that Brady requires disclosure of both exculpatory and impeachment materials and Edwards was required to disclose his alleged criminal conduct and his failure to do so should be imputed to the Government, citing Kyles v. Whitley, 514 U.S. 419, 438 (1995); Jamison v. Collins, 291 F.3d 380, 385 (6th Cir. 2002) ("information"); Wright v. Hopper, 169 F.3d 695 (11th Cir. 1999); Houston v. Waller, 2008 U.S. Dist. LEXIS 26628, *34-36 (M.D. Tenn. 2008), affirmed on other grounds, 2011 U.S. App. LEXIS 8403 (6th Cir. 2011). Yet, Defendant's reliance on these cases is misplaced as they are based on Brady v. Maryland, 373 U.S. 83 (1963) that is a trial right. In United States v. Ruiz, 536 U.S. 622 (2002), the Supreme Court held that "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." Id. at 633; United States v. Wells, 260 Fed.Appx. 902 (6th Cir. 2008) (defendant's claim that the government failed to provide prior to his plea hearing certain impeachment evidence under Brady was foreclosed by Ruiz as the Government has no obligation to disclose such information prior to a defendant's entry of a guilty plea). The Supreme Court explained that the right to receive exculpatory impeachment material from prosecutors stems from the Constitution's fair trial guarantee, id. at 628, and "[w]hen a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees." Id. at 629. Accordingly, this argument is without merit.

For these reasons, the Court concludes that Defendant's motion to withdraw plea of guilty (Docket Entry No. 23) should be denied.

An appropriate Order is filed herewith.

ENTERED this the 12th day of July, 2011.

                                              WILLIAM J. HAYNES, JR.
                                              United States District Judge